Keith D. Klein (SBN 184846)
Brian J. Recor (SBN 229091)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:  (310) 576-2159
Facsimile:  (310) 260-4159
Email:  keith.klein@bryancave.com
          brian.recor@bryancave.com

David S. Sager (pro hac application pending)
**DAY PITNEY LLP**
One Jefferson Road
Parsippany, NJ 07054-2891
Telephone:  (973) 966-8121
Facsimile:   (973) 210-8526
Email:  dsager@daypitney.com

Attorneys for Defendant
RCI, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EMIL A. BIENDARA, JR., on behalf of herself and all persons similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>RCI, LLC, and Does 1 through 100 Inclusive,<br><br>   Defendants. | CASE NO.  8:10-cv-01878-AG<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER ACTION TO THE DISTRICT OF NEW JERSEY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Concurrently filed with Declaration of Sean Lowe and Proposed Order]<br><br>Date: January 24, 2011<br>Time: 10:00 a.m.<br>Ctrm: 10D |

815934

-1-

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 24, 2011, at 10:00 a.m., in Courtroom 10D of above-captioned Court, located at 411 West Fourth Street, Santa Ana, California, Defendant RCI, LLC will, and hereby does, move the Court, pursuant to 28 U.S.C. § 1404(a), for an Order transferring the putative class action complaint of Emil A. Biendara, Jr. to the U.S. District Court for the District of New Jersey.

This Motion is made on grounds that this action could have been brought in the U.S. District Court for the District of New Jersey and a transfer to the District of New Jersey serves the interests of justice and the convenience of the parties and witnesses.  This action is based on nearly identical allegations in a putative nationwide class action pending before the Honorable Peter G. Sheridan in the United States District Court for the District of New Jersey, entitled *Glenz v. RCI, LLC*, Case No. 09-00378 (PGS), for the past two years.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 10, 2010.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Sean Lowe, all pleadings and papers on file in this action, and other such further matters as the Court may consider.

Dated:  December 20, 2010                Respectfully submitted,

**BRYAN CAVE LLP**

By:  /s/ Keith D. Klein
        Keith D. Klein

Attorneys for Defendant
RCI, LLC

# Table of Contents

**Page**

I.  **PLAINTIFF COULD HAVE BROUGHT THIS ACTION IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY.** ....................................................................................... **5**

    A.  The United States District Court For The District Of New Jersey Has Subject Matter Jurisdiction Over This Action. .................. 6

    B.  The United States District Court For The District Of New Jersey Has Personal Jurisdiction Over RCI, LLC And Venue In New Jersey Is Appropriate. ................................................. 10

II.  **THIS CASE SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY.** .............................................................................. **11**

    A.  The Interests of Justice Warrant Transfer of Venue to New Jersey Where A Similar Action Is Pending And The Court Is More Familiar With The Parties And Issues. ...................................... 12

    B.  The Convenience of the Parties Favors Transfer of Venue to New Jersey. ........................................................................... 15

    C.  The Convenience of the Witnesses Favors Transfer of Venue to New Jersey. ........................................................................... 16

III.  **CONCLUSION** ............................................................................ **16**

**Table of Authorities**

**Page(s)**

**Cases**

*Behrazfar v. Unisys Corp.*,
  687 F. Supp. 2d 999 (C.D. Cal 2009) ................................................................ 7, 9

*Bryan v. Wal-Mart Stores, Inc.*,
  No. 08-5221, 2009 U.S. Dist. LEXIS 18555 (N.D. Cal. Feb. 23, 2009) ...... 7, 9, 10

*Costlow v. Weeks*,
  790 F.2d 1486 (9th Cir. 1986) ...................................................................... 10, 15

*Ferens v. John Deere Co.*,
  494 U.S. 516 (1990) ............................................................................................ 12

*Ford Motor Co./Citibank (S.D.), N.A.*,
  264 F.3d 952 (9th Cir. 2001) ............................................................................. 10

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) .......................................................................... 7, 8

*Hoffman v. Blaski*,
  363 U.S. 335 (U.S. 1960) ...................................................................................... 5

*Johnson v. USV Optical, Inc.*,
  No. 10-0690, 2010 U.S. Dist. LEXIS 80107 (S.D. Cal. Aug. 9, 2010) ............. 7, 9

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................................ 7

*Leroy v. Great W. United Corp.*,
  443 U.S. 173 (1979) ....................................................................................... 10, 15

*Lowdermilk v. United States Bank National Assoc.*,
  479 F.3d 994 (9th Cir. 2007) ............................................................................... 6

*Metz v. U.S. Life Insur. Co.*,
  674 F. Supp. 2d 1141 (C.D. Cal. 2009) ............................................................... 5

*Modavox, Inc. v. AOL LLC*,
  No. 08-05914, 2009 U.S. Dist. LEXIS 40977 (C. D. Cal. April 14, 2009) ......... 11

*Muniz v. Pilot Travel Centers LLC*,
  No. 07-0325, 2007 U.S. Dist. LEXIS 31515 (E.D. Cal. April 30, 2007) ........ 7, 10

*Nelson v. BIC USA, Inc.*,
  No. 07-2367, 2008 U.S. Dist. LEXIS 27366 (S.D. Cal. April 1, 2008) ................ 9

*Plum Tree, Inc. v. Stockment*,
  488 F.2d 754 (3d Cir. 1973) ............................................................................... 15

*Schott v. Ivy Asset Mgmt. Corp.*,
  No. 10-01562, 2010 U.S. Dist. LEXIS 113674 (N.D. Cal. Oct. 19, 2010) ..... 5, 12, 13, 14

*Servewell Plumbing, LLC v. Fed. Ins. Co.*,
  439 F.3d 786 (8th Cir. 2006) ............................................................................. 15

*Shelby v. Factory Five Racing, Inc.*,
  No. 08-7881, 2009 U.S. Dist. LEXIS 15830 (C.D. Cal. Feb. 23, 2009) ............. 13

-ii-

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988).........................................................................5, 11

*Szegedy v. Keystone Food Prods., Inc.*,
   No. 08-5369, 2009 U.S. Dist. LEXIS 83444 (C.D. Cal. Aug. 26, 2009).......11, 13

**Statutes**

28 U.S.C. § 1332(d)......................................................................................6

28 U.S.C. § 1332(d)(2)..................................................................................8

28 U.S.C. § 1332(d)(6)..................................................................................8

28 U.S.C. § 1391(a).....................................................................................10

28 U.S.C. § 1404(a)................................................................................5, 16

28 U.S.C. § 1453.........................................................................................1

Cal. Bus. & Prof. Code § 17200................................................................14

Cal. Civ. Code § 1717................................................................................9

**Other Authorities**

17 MOORE'S FEDERAL PRACTICE § 111.13[1][c] (3d ed. 1997) ...............11

NOTICE OF MOTION AND
MOTION TO TRANSFER

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

Defendant RCI, LLC ("RCI") moves to transfer this putative class action to the United States District Court for the District of New Jersey, where RCI is located, where Plaintiff has consented to jurisdiction and venue, and where another putative class action that includes the class alleged in this case (and this Plaintiff) has been pending for the past two years.  The New Jersey action is based on almost identical allegations concerning the RCI Points Exchange Program.   Indeed, Plaintiff and his counsel are familiar with the New Jersey action based on their involvement in related litigation in New Jersey, and this action appears to be an attempt by counsel to extract additional fees by generating duplicative litigation. Plaintiff seems to concede that transfer is appropriate in the event this Court has subject matter jurisdiction under the Class Action Fairness Act, and Plaintiff therefore seeks to avoid such jurisdiction by alleging that the amount in controversy is less than $5 million.  As explained below, however, Plaintiff's own allegations make clear that he has placed more than $5 million in controversy, and, therefore, the case should be transferred.

### PROCEDURAL HISTORY

Plaintiff filed his Class Action Complaint (the "Complaint" or "Compl.") in Orange County Superior Court on November 8, 2010 and effected service on November 10, 2010.  RCI removed the action to this Court on December 9, 2010 pursuant to 28 U.S.C. § 1453.  Although Plaintiff attempted to prevent federal court jurisdiction under CAFA by seeking compensatory damages and restitution of fees paid "not to exceed $5,000,000 for the class" (Compl., Prayer for Relief at ¶¶ 5, 7), Plaintiff's attempt is refuted by his own allegations.   For example, Plaintiff concedes that he cannot determine the amount of money due to the class (Compl. ¶ 44), yet he seeks to recover, among other relief, an undisclosed portion of the fees paid by the putative class in connection with at least 24,000 RCI Points

Participation memberships over more than four years. In support of removal, RCI submitted proofs establishing that the amount of these fees alone exceeded $5 million. (Docket No. 1 (Lowe Declaration)). Furthermore, Plaintiff is seeking more than just recovery of fees paid. In determining CAFA jurisdiction, the Court also may consider that Plaintiff is seeking attorneys' fees, injunctive relief, and restitution of any amount that RCI may have received from the rental of timeshare inventory.

The allegations in Plaintiff's Complaint are borrowed from another putative class action pending before the Honorable Peter G. Sheridan in the United States District Court for the District of New Jersey, entitled *Glenz v. RCI, LLC*, Case No. 09-00378 (PGS) (the "Glenz Action"). The Complaint in the Glenz Action was filed on January 27, 2009, and, like Plaintiff's Complaint, inaccurately alleges that RCI rents timeshare inventory that should be available for members for its own profit. In the Glenz Action, the putative class is alleged to consist of "all persons throughout the United States and its territories who are or were [RCI] Points Members," which clearly includes Plaintiff and the putative class alleged in the Complaint. (Compl. ¶ 5; Glenz Action, Docket No. 24 (Second Amended Complaint) at ¶ 63). The plaintiffs filed a Second Amended Complaint on May 12, 2010, and the parties in the Glenz Action have been engaged in class certification discovery, including the production of more than 30,000 pages of documents. (Glenz Action, Docket Nos. 28 & 31 (Pre-Trial Scheduling Orders)).

In addition to the Glenz Action, Judge Sheridan presided over a class action involving another RCI timeshare exchange program – the RCI Weeks Exchange Program. The action entitled *In re Resort Condominiums International, LLC*, 06-1222 (PGS) (the "Weeks Class Action") was dismissed on December 4, 2009, when the Court entered Final Judgment approving a Class Action Settlement Agreement. Like the Glenz Action, the Complaint in the Weeks Class Action alleged (and RCI denied) that RCI rented timeshare inventory that should have been available for

MEMORANDUM OF POINTS
AND AUTHORITIES

members for its own profit.  In fact, the primary allegations in the Glenz Action, the Weeks Class Action, and Plaintiff's Complaint are functionally identical.  Plaintiff was a class member in the Weeks Class Action, and through his counsel in this action, Stephan Willett, Plaintiff objected to the proposed settlement and appeared at hearings. (*See* Weeks Class Action Docket Nos. 205, 774).   Plaintiff also appealed the Final Judgment approving the Weeks Class Action Settlement. *In re Resort Condominiums Int'l*, Case No. 10-1056 (2d Cir. 2010).

## STATEMENT OF THE JURISDICTIONAL ALLEGATIONS

Plaintiff alleges that RCI is the "largest timeshare vacation exchange network in the world" and that "RCI Points members have the right to participate in an exclusive exchange program giving them access to thousands of other RCI Affiliated Resorts around the world." (Biendara Compl. at ¶¶ 11 & 12; *see also* Glenz Action, Docket No. 24 (Second Amended Complaint) at ¶¶ 2-3).  Plaintiff alleges that he purchased a timeshare interest or "Vacation Time" in Florida in early 2007 and that, in connection with his purchase, he signed a Participation Agreement with RCI.  Plaintiff asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair competition, based on vague allegations that RCI rented certain Vacation Time that Plaintiff believes should have been allocated to Members, thereby realizing profit on rentals and charging fees to members to which RCI was not entitled. (*Id.* at ¶¶ 22, 23, 29, 40; *see also* Glenz Compl. at ¶¶ 4, 5, 40).

Plaintiff claims that he paid initial dues of $199 to join the RCI Points Program and was required to pay annual dues of $99 and a transaction fee of $49 to $194 each time he successfully used the Points Program.  Even assuming that Plaintiff incurred no transaction fees, he has alleged payment of fees totaling at least $496. (Compl. ¶ 13).  Plaintiff further alleges that his claims are typical of the claims of the putative class, that the putative class members "paid or promised to pay similar dues and fees" to RCI, and that the putative class members have "at all

times performed their obligations under the Participation Agreement." (*Id.* at ¶¶ 17, 28).   RCI's records indicate that at least 24,000 RCI Points Participation Agreements were signed on or after November 8, 2006 by people who currently reside in California. (Declaration of Sean Lowe submitted herewith ("Lowe Decl.") at ¶ 7).  Based on the approximately 24,000 memberships purchased by the putative class and Plaintiff's allegation that each member of the putative class paid dues and fees similar to Plaintiff, the total fees at issue exceed $5 million.

In addition to the compensatory damages sought, Plaintiff seeks restitution of "money paid by Class Members to participate in the Points Program" and requests that RCI account for and restore to the putative class any money RCI may have acquired as a result of the actions alleged in the Complaint, which would include money derived from RCI's rental of inventory. (*Id.* at ¶¶ 41, 42).   Plaintiff also seeks attorneys' fees and injunctive relief "requiring Defendant to take any acts needed to prevent further violations, and requiring Defendant to take affirmative measures to redress past wrongdoings." (Compl., Prayer for Relief at ¶¶ 3, 4, 7, and 9).  Plaintiff inaccurately alleges a putative class of 1000 members (*Id.* at ¶ 6), and further alleges that the compensatory damages do not exceed $5 million.   But Plaintiff does not specify a particular damages amount, and he does not limit himself or the putative class to total recovery of damages, attorneys' fees, and injunctive relief of $5 million.

With respect to personal jurisdiction and venue, Section 29 of the Points Participation Agreement provides that New Jersey law will govern the parties' dispute, and Plaintiff consented to jurisdiction and venue in New Jersey as follows:

> Member consents and waives Member's objections to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under these Terms and Conditions or between RCI and Member.

(Compl., Ex. 1 at § 29(b)).   Section 29(b) of the Participation Agreement thus acknowledges that litigation may proceed in New Jersey, where RCI is located and where witnesses and evidence are located.   For example, most of the individuals identified by RCI in its Initial Disclosures in the Glenz Action are located at RCI's offices in Parsippany, New Jersey.

### ARGUMENT

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In determining whether to grant such a motion, a district court must balance the private interests of the litigants and the public interest in the fair and efficient administration of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988).   "The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Metz v. U.S. Life Insur. Co.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (internal quotations omitted).   Before undertaking the § 1404(a) balancing analysis, courts must consider the "threshold issue, which is "whether the action could have originally been brought in the forum to which the moving party seeks to transfer." *Schott v. Ivy Asset Mgmt. Corp.*, No. 10-01562, 2010 U.S. Dist. LEXIS 113674, *8 (N.D. Cal. Oct. 19, 2010).

### I.   PLAINTIFF COULD HAVE BROUGHT THIS ACTION IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY.

Before determining whether the case should be transferred based on considerations of convenience and the fair and efficient administration of justice, the Court must first determine whether Plaintiff could have sued RCI in New Jersey in the first instance. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (U.S. 1960)).

1
2

**A.     The United States District Court For The District Of New Jersey Has Subject Matter Jurisdiction Over This Action.**

3

The United States District Court for the District of New Jersey has subject

4 matter jurisdiction over this putative class action because the amount in controversy

5 exceeds $5 million, exclusive of interest and costs, the Class Action Complaint

6 alleges more than 100 putative class members, and Plaintiff and RCI are citizens of

7 different states. *See* 28 U.S.C. § 1332(d).   There is no dispute that minimum

8 diversity exists and that the case involves more than 100 putative class members,[1]

9 but Plaintiff has attempted to avoid federal jurisdiction by pleading compensatory

10 damages and restitution "not to exceed $5,000,000 for the class on all causes of

11 action." (Compl., Prayer for Relief at ¶ 5, 7).   Plaintiff's statement that

12 compensatory damages and restitution will not exceed $5 million does not end the

13 inquiry because the particular amounts that Plaintiff alleges demonstrate that the

14 amount in controversy, with respect to compensatory damages alone, exceeds the

15 jurisdictional threshold.

16

Plaintiffs may attempt to plead damages to avoid federal jurisdiction, but

17 they are constrained by a good faith requirement that cannot be met in this case.

18 *Lowdermilk v. United States Bank National Assoc.*, 479 F.3d 994, 999 (9th Cir.

19 2007).   Plaintiff concedes that he does not know the size of the class ("the class

20 Plaintiff represents includes more than 1,000 persons") or the amount he claims is

21 due to the class ("[i]t is impossible for Plaintiff to determine the exact amount of

22 money due to the Class Members without a detailed review of Defendant's

23 financial books and records"). (Compl. ¶¶ 13, 44).   Moreover, Plaintiff has not

24 alleged a specific amount of damages and has not alleged that the total recovery

25
26
27
28

[1]  Plaintiff has alleged, and therefore cannot dispute that the case involves more than 100 class members (Compl. ¶ 6), and minimal diversity exists because Plaintiff is a "resident of the state of California" (Compl. ¶ 1) and RCI is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey, and both of RCI's constituent owners are corporations organized and existing under the laws of the State of Delaware with a principal place of business in Parsippany, New Jersey. (Lowe Decl. at ¶¶ 2-3).

815934

MEMORANDUM OF POINTS
AND AUTHORITIES

1  sought, including attorneys' fees, injunctive relief, and recovery of all revenue

2  earned as a result of RCI's conduct, is below the jurisdictional minimum. (*See*

3  Compl. Prayer for Relief).

4       Where, as here, plaintiff fails to plead a specific amount of damages, the

5  defendant claiming federal jurisdiction need only demonstrate by a preponderance

6  of evidence that the amount in controversy requirement is met. *Guglielmino v.*

7  *McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (applying preponderance of

8  the evidence standard where complaint alleged that damages were less than the

9  jurisdictional minimum, but did not take account of "attorneys' fees, accounting of

10  moneys, or payment of back taxes and benefits").  Under the preponderance of the

11  evidence standard, the "removing party's burden is 'not daunting,' and defendants

12  are not obligated to 'research, state, and prove the plaintiff's claim for damages."

13  *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal 2009) (quoting

14  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

15  Rather, courts must determine, assuming that the allegations in the complaint are

16  true, whether it is more likely than not that the amount in controversy exceeds $5

17  million. *Bryan v. Wal-Mart Stores, Inc.*, No. 08-5221, 2009 U.S. Dist. LEXIS

18  18555, *6-7 (N.D. Cal. Feb. 23, 2009).

19       The "legal certainty" test applies when a complaint affirmatively and clearly

20  alleges that the amount in controversy is less than the jurisdictional threshold and

21  requires the defendant to demonstrate to a legal certainty that the amount in

22  controversy exceeds the statutory minimum. Under both tests, "the ultimate inquiry

23  is what amount is put 'in controversy' by the plaintiff's complaint, not what a

24  defendant will actually owe." *Muniz v. Pilot Travel Centers LLC*, No. 07-0325,

25  2007 U.S. Dist. LEXIS 31515, *9 (E.D. Cal. April 30, 2007); *see also Johnson v.*

26  *USV Optical, Inc.*, No. 10-0690, 2010 U.S. Dist. LEXIS 80107, *10 (S.D. Cal. Aug.

27  9, 2010) (noting that under the legal certainty test, "Court must consider the amount

28  put in controversy by the Complaint, not the ultimate or provable amount of

damages"). The Court should apply the preponderance of evidence standard in this case because it is unclear from the Complaint whether Plaintiff is seeking the minimum amount in controversy, *see Guglielmino*, 506 F.3d at 701, but whether judged by the "preponderance of the evidence" or "legal certainty" standard, the Complaint puts more than $5 million in controversy.

Under the Class Action Fairness Act, courts are required to aggregate the claims of individual class members to determine whether the amount in controversy exceeds the statutory minimum of $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2) & (6) . Plaintiff seeks, among other things, the following four categories of relief on behalf of the putative class, each of which should be considered and aggregated in calculating the amount in controversy: (1) payment of dues and transaction fees paid by class members to RCI since November 8, 2006; (2) accounting and distribution of revenue earned by RCI from the conduct alleged in the Complaint, including rental of timeshares; (3) injunctive relief requiring RCI to "take any acts needed to prevent further violations" and to "take affirmative measures to redress past wrongdoings;" and (4) attorneys' fees. (Compl. ¶¶ 29, 36, 41, 42, Prayer for Relief at ¶¶ 3-9). Taking solely the first category of relief sought by Plaintiff – recovery of fees paid to RCI – the amount in controversy is easily met.

Plaintiff alleges that each member of the putative class paid dues similar to the $496 he alleges that he paid, and Plaintiff seeks to recover "money paid by Class Members to participate in the Points Program." (Compl. ¶¶ 13, 17, 41). Plaintiff thus expressly placed in controversy, among other things, all of the dues and fees paid by RCI Points Members in California after November 8, 2006, and based on Plaintiff's own allegations (and based on approximately 24,000 RCI Points memberships), Plaintiff has placed much more than $5 million in controversy. In fact, RCI's records show that the putative class has paid more than $5 million in dues and fees to RCI since November 8, 2006. (Lowe Decl. at ¶¶ 7-8).

1  Plaintiff cannot claim a right to recovery of "money paid by Class Members to
2  participate in the Points Program" (Compl. ¶ 41) without conceding that such
3  amounts are in controversy.  Even assuming that Plaintiff is not seeking to recover
4  all of the fees and dues paid by the putative class, the evidence presented by RCI
5  and Plaintiff's own allegations demonstrate that significantly more than $5 million
6  is in controversy. (Lowe Decl. at ¶¶ 7-8).

7  Thus, whether the Court applies the "legal certainty" or "preponderance of
8  the evidence" standard, RCI has met its burden of demonstrating that the Complaint
9  puts in controversy significantly more than the minimum jurisdictional amount,
10 based solely on Plaintiff's request to recover the fees and dues paid by the putative
11 class. *See Johnson*, 2010 U.S. Dist. LEXIS 80107 at *10 (finding that defendant
12 satisfied the legal certainty standard by demonstrating through allegations in
13 complaint that amount in controversy was satisfied); *Nelson v. BIC USA, Inc.*, No.
14 07-2367, 2008 U.S. Dist. LEXIS 27366, *15 (S.D. Cal. April 1, 2008) (finding that
15 defendant satisfied legal certainty standard by presenting evidence concerning large
16 size of the class and multiplying number of class members by amounts alleged in
17 the complaint); *Behrazfar,* 687 F. Supp. 2d at 1004 (applying preponderance of
18 evidence standard and finding that defendant met its burden by providing good faith
19 estimates of damages based on evidence regarding class and allegations in
20 complaint); *Bryan*, 2009 U.S. Dist. LEXIS 18555 at *8-10 (finding that defendant
21 met burden on removal and noting that "defendants cannot be expected to try the
22 case themselves for purposes of establishing jurisdiction").

23 Plaintiff also claims that RCI removed vacation time from available
24 inventory "so it could be rented to the public" and seeks to recover any "money or
25 property acquired" as a result of the rental of timeshares, thus placing all revenue
26 from RCI's rental program in controversy. (Compl. ¶ 42).  Moreover, Plaintiff
27 seeks attorneys' fees pursuant to California Civil Code § 1717, and such fees
28 should be included in determining the amount in controversy. (Compl., Prayer for

1    Relief at ¶ 9); *Muniz*, 2007 U.S. Dist. LEXIS 31515 at *13-14 (noting that

2    attorneys' fees "are properly included in determining the amount in controversy");

3    *Bryan v. Wal-Mart Stores, Inc.*, No. 08-5221, 2009 U.S. Dist. LEXIS 18555, *8

4    (same). The Court also may consider the significant cost to RCI in complying with

5    the requested preliminary and permanent injunctive relief "requiring Defendant to

6    take any acts needed to prevent further violations, and requiring Defendant to take

7    affirmative measures to redress past wrongdoing." (Compl., Prayer for Relief at ¶

8    3); *see Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001)

9    (holding that costs of complying with injunction may be considered in measuring

10   the amount in controversy). Plaintiff has placed significantly more than the

11   minimum jurisdictional amount in controversy.

12       **B.      The United States District Court For The District Of New Jersey**

13              **Has Personal Jurisdiction Over RCI, LLC And Venue In New**

14              **Jersey Is Appropriate.**

15       Plaintiff could have filed this putative class action in the District of New

16   Jersey pursuant to 28 U.S.C. § 1391(a), which provides, in pertinent part, that "[a]

17   civil action wherein jurisdiction is founded only on diversity of citizenship may . . .

18   be brought only in (1) a judicial district where any defendant resides, if all

19   defendants reside in the same State . . . ." RCI is headquartered in Parsippany, New

20   Jersey and is the only named defendant. Moreover, Plaintiff agreed in the Points

21   Participation Agreement that venue of this action in the United States District Court

22   for the District of New Jersey is appropriate and that neither party would object to

23   that Court's personal jurisdiction over the parties in this matter. By doing so,

24   plaintiff waived any objection to venue and personal jurisdiction in advance of

25   litigation. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (stating that

26   personal jurisdiction and venue "are personal privileges of the defendant, rather

27   than absolute strictures on the court, and both may be waived by the parties");

28   *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (noting that objections to

1    venue may be waived).   Accordingly, the United States District Court for the

2    District of New Jersey has personal jurisdiction over RCI, and venue is appropriate

3    in the District of New Jersey.

4    **II.    THIS CASE SHOULD BE TRANSFERRED TO THE UNITED**

5    **STATES DISTRICT COURT FOR THE DISTRICT OF NEW**

6    **JERSEY.**

7         In deciding a motion to transfer, courts consider (a) the convenience of the

8    parties, (b) the convenience of the witnesses, and (c) the interests of justice.

9    *Szegedy v. Keystone Food Prods., Inc.*, No. 08-5369, 2009 U.S. Dist. LEXIS

10   83444, *5 (C.D. Cal. Aug. 26, 2009).   A number of factors are relevant to the

11   "interests of justice" analysis, including: (a) location where relevant agreements

12   were negotiated and executed; (b) the state that is most familiar with the governing

13   law; (c) plaintiff's choice of forum; (d) respective parties' contacts with the forum;

14   (e) contacts relating to the claims in the chosen forum; (f) differences in the costs of

15   litigation in the two forums; (g) ease of access to sources of proof; (h) relative court

16   congestion in the two forums; and (i) which forum would better serve judicial

17   economy. *Id.* (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988) and 17

18   MOORE'S FEDERAL PRACTICE § 111.13[1][c] (3d ed. 1997)).   While there is

19   typically a strong presumption in favor of plaintiff's choice of forum, where "the

20   operative facts giving rise to the litigation occurred elsewhere, the plaintiff's choice

21   of forum is given considerably less weight, even if the plaintiff is a resident of the

22   forum." *Modavox, Inc. v. AOL LLC*, No. 08-05914, 2009 U.S. Dist. LEXIS 40977,

23   *8 (C.D. Cal. April 14, 2009).   "The decision to transfer lies within the sound

24   discretion of the trial judge." *Szegedy*, 2009 U.S. Dist. LEXIS 83444 at *6.

25

26

27

28

A.   **The Interests of Justice Warrant Transfer of Venue to New Jersey Where A Similar Action Is Pending And The Court Is More Familiar With The Parties And Issues.**

"The presence of related litigation in another venue weighs heavily in favor of transfer." *Schott v. Ivy Asset Mgmt. Corp.*, No. 10-01562, 2010 U.S. Dist. LEXIS 113674, *12 (N.D. Cal. Oct. 19, 2010). "[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Id.* at *13 (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)). The Glenz Action has been pending in the District of New Jersey for nearly two years. Judge Sheridan has already ruled on RCI's motion to dismiss and narrowed the pleadings, and the parties have engaged in written and document discovery concerning class certification. Judge Sheridan also has already presided over the settlement of a class action relating to the RCI Weeks Exchange Program and is thus familiar with the allegations and issues raised in Plaintiff's Complaint.

In *Schott v. Ivy Asset Mgmt Corp.*, the district court considered whether to transfer an action filed by an individual investor from the Northern District of California to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). 2010 U.S. Dist. LEXIS 113674 at *1. The *Schott* court found that the plaintiff's choice of forum should be afforded substantial weight because plaintiff had lived and worked in the Northern District of California for his entire life and many of the interactions between plaintiff and defendants occurred in the Northern District of California, including the negotiation and execution of the agreement which formed the basis for plaintiff's breach of contract claim. *Id.* at *11-12. Notwithstanding this finding, the court granted defendants' transfer motion based in large part on the prior commencement of related litigation in the Southern District of New York in which the court had already ruled on plaintiff's motion to dismiss. In this regard, the court stated as follows: "[e]ven though the Court recognizes the inconvenience

MEMORANDUM OF POINTS
AND AUTHORITIES

that transfer will impose on Plaintiff and views skeptically Defendants' claim that coming to California is inconvenient now that the opportunity to solicit investments from Plaintiff has passed, the Court finds that the possibility of inconsistent rulings and the inefficiency of duplicative litigation outweigh these concerns." *Id.* at *27-28.

As in *Schott*, Plaintiff's Complaint is duplicative of litigation pending in the District of New Jersey, and Judge Sheridan has already ruled on RCI's motion to dismiss the Glenz Action.  As a result, there is a risk of inconsistent rulings and unnecessary cost and expense if Plaintiff's case is permitted to proceed in California.  Indeed, the case for transfer based on judicial economy is even more compelling here than in *Schott* because the parties in the Glenz Action have already engaged in significant class certification discovery, and Plaintiff has demonstrated that he is able to litigate in New Jersey based on his participation in the Weeks Class Action as an objector and appellant. (Weeks Class Action Docket No. 205, *In re Resort Condominiums Int'l*, Case No. 10-1056 (2d Cir. 2010)); *see Schott*, 2010 U.S. Dist. LEXIS 113674, at *14; *see also Szegedy v. Keystone Food Prods., Inc.*, No. 08-5369, 2009 U.S. Dist. LEXIS 83444, *5 (C.D. Cal. Aug. 26, 2009) (finding that "interests of judicial economy weigh strongly in favor of transfer" to Eastern District of Pennsylvania where similar action was pending and Judge in Pennsylvania "had extensive experience with these factual allegations and claims in previous cases"); *Shelby v. Factory Five Racing, Inc.*, No. 08-7881, 2009 U.S. Dist. LEXIS 15830, *11-12 (C.D. Cal. Feb. 23, 2009) (granting motion to transfer venue because similar litigation had been filed in the transferee Court first, and the transferee court "has already dealt extensively with this dispute between the parties").

Other than Plaintiff's choice of forum which is entitled to little deference in this context, all of the additional "interests of justice" factors support transferring this case to the District of New Jersey:

815934                                    -13-                   MEMORANDUM OF POINTS
                                                                AND AUTHORITIES

- **Location where relevant agreement was negotiated and executed**: Plaintiff purports to base his breach of contract claim upon the Points Participation Agreement, which he alleges he entered into in connection with his purchase of a timeshare in Florida. (Compl. ¶¶ 12, 13). Plaintiff does not allege that he negotiated or executed the Points Participation Agreement in California, and, by signing the Points Participation Agreement, Plaintiff agreed that the law of New Jersey would apply to any disputes with RCI and that venue was appropriate in New Jersey.

- **State that is most familiar with the governing law**: New Jersey law applies to Plaintiff's contract claims pursuant to the governing law provision of the Participation Agreement and, even taking account of Plaintiff's claim for violation of California's Business and Professions Code § 17200, the District of New Jersey is familiar with the claims and allegations at issue in the Complaint and is in the best position to manage the litigation.

- **Plaintiff's choice of forum and contacts relating to claims in chosen forum**: None of the operative facts giving rise to the litigation occurred in California. The timeshare Plaintiff purchased is in Florida, and Plaintiff has already demonstrated, through his participation as an objector and appellant in the Weeks Class Action, that he is able to litigate in New Jersey.

- **Differences in costs of litigation in the two forums**: The issues raised by the Complaint are being litigated in the District of New Jersey. Neither RCI nor the courts should be forced to incur the duplicative expense caused by Plaintiff's Complaint. *See Schott*, 2010 U.S. Dist. LEXIS 113674, at *12.

//

1
2
3
4

- **Ease of access to sources of proof**: Many of RCI's witnesses and documents are in New Jersey. (Lowe Decl. at ¶ 4).  While Plaintiff resides in California, he has alleged his reliance on Defendant's business records (located in New Jersey) as support for his claims. (Compl. ¶ 25).

5
6
7

Thus, the "interests of justice," and in particular, the interest of the courts in judicial economy and efficiency, weigh heavily in favor of transfer of this case to the United States District Court for the District of New Jersey.

8
9

### B.   The Convenience of the Parties Favors Transfer of Venue to New Jersey.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

RCI's principal place of business is in Parsippany, New Jersey, and many of the documents relevant to this litigation are located at RCI's headquarters in New Jersey. (Lowe Decl. at ¶ 4).  Moreover, Plaintiff waived any objections to venue and personal jurisdiction in New Jersey. (Compl., Ex. 1, ¶ 29).  A party can (and Plaintiff did) waive any objection to venue and personal jurisdiction in advance of litigation. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (stating that personal jurisdiction and venue "are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties"); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (noting that objections to venue may be waived); *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 790 (8th Cir. 2006) ("a party seeking to avoid his promise must demonstrate that proceeding in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court") (citation omitted).  Having agreed to venue in New Jersey, Plaintiff has waived his right to argue that New Jersey is inconvenient. *Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 758 n.7 (3d Cir. 1973) ("[a] valid forum selection agreement may be treated as a waiver by the moving party of its right to assert its own convenience as a factor favoring a transfer from the agreed upon forum").

28

MEMORANDUM OF POINTS
AND AUTHORITIES

**C.   The Convenience of the Witnesses Favors Transfer of Venue to New Jersey.**

The witnesses identified in RCI's Initial Disclosures in the Glenz Action as individuals who are believed to have discoverable information that RCI may use to support its defenses are not located in or near California.  To the contrary, they are all employees at RCI's offices in Parsippany, New Jersey or Carmel, Indiana. Moreover, Mr. Biendara purchased his timeshare in Florida, so any non-party witnesses with knowledge as to what was said to Mr. Biendara in connection with his purchase of a timeshare and agreement to become an RCI Points Member would presumably be located in Florida, not California.

**III.   CONCLUSION**

For the foregoing reasons, Defendant RCI, LLC respectfully requests that the Court transfer this action to the District of New Jersey pursuant to 28 U.S.C. §1404(a).

Dated:  December 20, 2010

Respectfully submitted,

**BRYAN CAVE LLP**

By /s/ Keith D. Klein
　　 Keith D. Klein
Attorneys for Defendant
RCI, LLC

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 120 Broadway, Suite 300, Santa Monica, California 90401.

On **December 20, 2010**, I served the foregoing documents, described as:

**1. NOTICE OF MOTION AND MOTION TO TRANSFER ACTION TO THE DISTRICT OF NEW JERSEY; MEMORANDUM OF POINTS AND AUTHORITIES;**
**2.  DECLARATION OF SEAN LOWE IN SUPPORT OF MOTION TO TRANSFER; AND**
**3.  [PROPOSED] ORDER ON DEFENDANT RCI, LLC'S MOTION TO TRANSFER,**

on each interested party in this action, as follows:

Jeffrey Wilens, Esq.
Lakeshore Law Center
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886
714-854-7205
714-854-7206 – Fax

Stephan Willett, Esq.
Law Office of Stephan Willett
4503 Gilbertson Road
Fairfax, VA 22032
703-855-3754
703-323-5658 – Fax

☒  **BY CM/ECF ELECTRONIC SERVICE** - The document was served via The United States District Court –Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge and any registered user in the case.  Each transmission was reported as complete and without error

Executed on **December 20, 2010**, at Santa Monica, California.

(FEDERAL ONLY)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.


/s/ Alicia Moore
Alicia Moore

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386